UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 04 C 6463 |
| | ) | |
| MANUEL QUINTANILLA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The present matter comes before the court on petition of Manuel Quintanilla to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is denied.

## BACKGROUND

On September 27, 2001, Quintanilla was indicted in the Northern District of Illinois on one count of conspiracy to possess with intent to distribute and to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), and two counts of possession with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three). On

August 7, 2002, Quintanilla withdrew his plea of not guilty, choosing instead to plead guilty to all three counts without a plea agreement.

Pursuant to his plea, Quintanilla was convicted on all counts. On December 12, 2002, Quintanilla was sentenced to 120 months' imprisonment on each count, to run concurrently, and five years of supervised release.

Quintanilla appealed his sentencing to the United States Court of Appeals for the Seventh Circuit. His appellate counsel filed a motion to withdraw as appellate counsel and filed an <u>Anders</u> brief. On December 17, 2003, the Seventh Circuit granted the motion to withdraw and dismissed Quintanilla's appeal, finding that any argument that Quintanilla did not admit to delivering almost six kilograms as "patently frivolous." On July 8, 2004, Quintanilla filed a Motion to Recall Mandate in light of <u>Blakely v. Washington</u> in the United States Court of Appeals for the Seventh Circuit. The motion was denied, without an evidentiary hearing. Quintanilla subsequently filed the present petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

Section 2255 permits a prisoner to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that "the court was without jurisdiction to impose such a sentence, or that the sentence was in excess

of the maximum authorized by law, or is otherwise subject to collateral attack[.]" Such collateral relief is only available, however, where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)). In evaluating a § 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992). We note, however, that Quintanilla has filed his petition pro se and thus his petition is entitled to a liberal reading. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972).

## DISCUSSION

Quintanilla raises two grounds for his § 2255 motion. First, he argues that in light of Blakely v. Washington, __ U.S. __, __, 124 S. Ct. 2531, 2538 (2004), his plea of guilty was "unknowing, involuntary, and without understanding to a quantity specific indictment alleging 5 kilograms or more." Second, Quintanilla argues he had ineffective assistance of counsel. We consider each argument in turn.

### A. Retroactive Application of Blakely v. Washington

The government contends that Quintanilla's first ground is procedurally defaulted. Before a district court will review a claim on its merits, the issue must be

-3-

"raised in a procedurally appropriate manner. See Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989). A § 2255 motion is not a substitute for a direct appeal, so when a petitioner fails to raise constitutional issues during direct appeal of a conviction, the issue is generally barred from review via a collateral attack by the doctrine of procedural default. See id. However, the failure to raise an issue will be excused if the petitioner can show good cause for the omission and actual prejudice that would result if the petitioner is prevented from presenting the merits of the issue. See id.

It is incontestable that Quintanilla did not bring up Blakely when he appealed his conviction. He could not have, as Blakely was not decided until June 2003, more than six months after the Seventh Circuit rendered its opinion on Quintanilla's appeal. The government contends that Quintanilla should have raised the issue anyway, couched in terms of the holding of Apprendi v. New Jersey, which stated that a jury must find beyond a reasonable doubt the presence of any fact that boosts the penalty for a crime above the statutory maximum. 530 U.S. 466, 490, 120 S. Ct. 2348, 2363 (2000). We disagree with the government's position.

In the interim period between Apprendi and Blakely, the term "statutory maximum" was thought to be the maximum sentence allowed by the statute establishing the crime of which the defendant was convicted. In Quintanilla's case, this

understanding would mean that the statutory maximum for the violation of 21 U.S.C. §§ 841(a)(1) and 846 alleged in Count One was life, and the violation of § 841(a)(1) alleged in Counts Two and Three carried a maximum punishment of 40 years. Either way, the 10-year sentence Quintanilla received was well within the permissible range of options. As a result, Quintanilla could not argue on appeal that his sentence ran afoul of the rule in Apprendi as it was understood at the time. See, e.g., Mankarious v. United States, 282 F.3d 940, 944 (7th Cir. 2002).

Quintanilla's argument, as we understand it, is that his sentence is impermissible only under the later explication of the meaning of the term "statutory maximum" in Blakely. According to that case's reasoning, the statutory maximum to be employed for Apprendi purposes in most cases was the top of the range of sentence lengths resulting from a calculation conducted pursuant to a determinate sentencing scheme that took into account only facts found by the jury or admitted by the defendant. Although the Supreme Court explicitly did not consider the Federal Sentencing Guidelines in Blakely, __ U.S. at __, 124 S. Ct. at 2538 n.9, its reasoning was held to apply to the federal guidelines in United States v. Booker, __ U.S. __, __, 125 S. Ct. 738, 756 (2005). Because Blakely and Booker, by anyone's estimation, dramatically changed the previous understanding of the effect of the holding in Apprendi, we cannot agree with the government that Quintanilla had the tools that he needed to make the

argument he now advances at the time his direct appeal was under consideration. See Waldemer v. United States, 106 F.3d 729, 731 (7th Cir. 1996). Consequently, Quintanilla should not be barred from presenting his argument now.

Unfortunately for Quintanilla, the merits of his argument, though not barred by procedural default, are not sufficient to support the relief he seeks. As stated above, the Supreme Court precedent that would control Quintanilla's claim is found in United States v. Booker. Since Booker, the Seventh Circuit has considered whether its holding could be retroactively applied to cases that were finalized prior to January 12, 2005, and concluded that it could not. McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005).[1] Consequently, Quintanilla's first claim for relief must be denied.

## B. Ineffective Assistance of Counsel

As his second ground for relief, Quintanilla argues that his counsel was ineffective; he further claims that counsel coerced him into pleading guilty and that he was unaware of the significance of pleading guilty because counsel did not inform him of the implications of a guilty plea in this case.

---

[1] Even if this were not the case, Booker would not affect Quintanilla's sentence. As the case recognized, there is no Sixth Amendment right to jury implicated when a defendant admits the facts necessary to underpin the sentence imposed, as Quintanilla did in this case. See Booker, ___ U.S. at ___, 125 S. Ct. at 756.

We review claims of ineffective counsel under the two-prong test delineated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under this test, a party asserting ineffective assistance of counsel must demonstrate both: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defendant. Id. The deficiency prong requires a defendant to demonstrate that the representation received was objectively unreasonable considering all the circumstances. Id. at 688, 104 S. Ct. at 2064, 2065. Counsel's conduct is presumed, and strongly so, to satisfy professional standards. Id. at 689. To overcome the presumption, a complaining defendant must "establish specific acts or omissions of his counsel that constitute ineffective assistance." See Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

Quintanilla's arguments fail to satisfy either prong of the Strickland test. First, he has failed to present any "objective evidence that his trial counsel's performance fell below objectively reasonable standards." See Galbraith v. United States, 313 F.3d 1001, 1005 (7th Cir. 2002). He has given nothing beyond "naked assertions" of inadequate performance, of the kind found insufficient in Galbraith. Id. at 1008. In the absence of any contrary evidence, we have nothing to examine but the record of the change of plea hearing. During the colloquy that accompanied his change of plea, Quintanilla was asked if he discussed his case with counsel and, specifically, if he

discussed the charges with his attorney. 8/7/02 Tr., at 7, 9. He responded in the affirmative. Id. He was also asked whether he was satisfied with the representation his attorney provided. Id. at 7. Again, he replied affirmatively. Id. Finally, when asked whether anyone was forcing him to plead guilty, he replied "no" and that he was indeed pleading guilty of his own free will. Id. at 15. Thus, Quintanilla has not overcome the presumption that his counsel rendered adequate assistance.

Even if Quintanilla had shown that his counsel was professionally deficient, his claim of ineffective counsel also fails the second prong of Strickland. Mere allegations that the defendant would have insisted on putting the government to its proof will not suffice to establish prejudice. See Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993). Rather, a defendant "must establish through objective evidence that a reasonable probability exists that he would have gone to trial." Berkey, 318 F.3d at 773. As the defendant in Berkey, Quintanilla admitted that no one made him any promises to induce him to plead guilty. Neither did he indicate that his entry of a plea of guilty was anything other than free and voluntary. There is no evidence on the record that would indicate that Quintanilla gave up his right to persist in his plea of not guilty for any reason other than his own desire to do so. As a result, he has not demonstrated that he was prejudiced by any ineffective assistance.

## CONCLUSION

Based on the foregoing analysis, Quintanilla's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 is denied.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: **MAR 1 8 2005** _____